Steven D. Jerome (#018420)
Andrew Hardenbrook (#025518)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
sjerome@swlaw.com
ahardenbrook@swlaw.com
Attorneys for Wells Fargo Bank NA and Mortgage Electronic
Registration Systems, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>HENRY GALLARDO and ANNETTE M GALLARDO.<br><br>Debtors. | Proceedings under Chapter 13<br><br>Case # 09-8977-TUC-JMM<br><br>Adversary # 4:09-ap-01155-JMM |
| HENRY GALLARDO and ANNETTE M GALLARDO,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK NA and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br><br>Defendants. | **MOTION TO DISMISS COMPLAINT AND CLAIMS FOR AFFIRMATIVE DAMAGES**<br><br>**OR, IN THE ALTERNATIVE,**<br><br>**MOTION TO ENLARGE TIME LIMIT FOR ANSWER**<br><br>**[Relates to D.E. No. 1]** |

Defendants, Wells Fargo Bank NA ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"), by and through undersigned counsel, hereby move to dismiss that certain "Debtor's Complaint Objecting to Proof of Claim of Wells Fargo Bank NA and Claims for Affirmative Damages by way of Recoupment Including Monetary Damages Above the Amount of the Original Note and Rescission") ("Complaint") [D.E. 1] filed by Plaintiffs, Henry Gallardo and Annette M. Gallardo ("Plaintiffs"), in their capacity as Chapter

10643548 10258810

13 Debtors. In the alternative, Defendants move to enlarge the time limit for filing an answer to said Complaint until November 15, 2009. Despite the summons being issued on September 9, 2009, the Plaintiffs waited twenty-one (21) days to finally deposit the summons and Complaint in the mail in violation of Rule 7004(e), FED. R. BANKR. P. As a result, the Plaintiffs failed to provide Defendants with sufficient process and service of process. Under the circumstances, the Complaint should be dismissed under Rule 12(b), Fed. R. Civ. P., made applicable through FED. R. BANKR. P. 7012, or, at the very least, the Court should allow Defendants additional time to answer or otherwise respond to the Complaint. This Motion is supported by the accompanying Memorandum of Points and Authorities, and all pleadings and papers of record, which are incorporated herein by this reference.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     PROCEDURAL BACKGROUND**

1. On or about September 8, 2009, Plaintiffs filed the Complaint [D.E. 1] against Wells Fargo and MERS.

2. That same day, Plaintiffs requested the issuance of a summons (the "Summons") [D.E. 2], which was issued on September 9, 2009 [D.E. 3].

3. Despite the Summons having been issued on September 9, 2009, the Plaintiffs waited until September 30, 2009 to attempt to serve the Summons and Complaint on Wells Fargo and MERS. Specifically, according to the Plaintiffs' "Proof of Service of Summons and Complaint" ("Proof of Service"). [D.E. 4.], counsel for the Plaintiffs states that he served "Summons and a copy of he [sic] Complaint . . . by Mail Service upon [Wells Fargo and MERS]."

**II.     LEGAL ANALYSIS**

Plaintiffs failed to provide sufficient process and service of process to Wells Fargo and MERS. Specifically, the Plaintiffs waited twenty-one (21) days after the issuance of the Summons to deposit the Summons and Complaint in the mail in express violation of Rule

7004(e), FED. R. BANKR. P. As a result, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(4), (5). In alternative, and only if the Court chooses not to dismiss the Complaint, the Court should enlarge the Defendants time to file an answer or otherwise respond to the Complaint.

### A. THE COMPLAINT MUST BE DISMISSED UNDER RULE 7012(b)(4)

The Court should dismiss the Complaint because the Plaintiffs failed to provide sufficient process to Wells Fargo and MERS. Rule 12(b), FED. R. CIV. PROC., made applicable through FED. R. BANKR. PROC. 7012, provides for a dismissal of a complaint if there is "insufficient process" or "insufficient service of process." Fed. R. Civ. P. 12(b)(4), (5). Rule 7004(e), FED. R. BANKR. PROC., express states that "[i]f service is by any authorized form of mail, the summons and complaint *shall* be deposited in the mail within *10 days* after the summons is issued. If a summons is not timely delivered or mailed, another summons shall be issued and served." (Emphasis added.) Rule 7004(e) requires plaintiffs to "use diligence in making service of process." *In re Campbell*, 105 B.R. 19, 21 (BAP 9th Cir. 1989). "If considerable delay occurs before a summons is issued and served, the complaint may be subject to a motion to dismiss for failure to properly prosecute." *Id.* (reversing and remanding bankruptcy court's ruling that debts owed to creditors were dischargeable because creditors' failure to serve the summonses and complaints within 10 days of the issuance of summonses constituted defective service).

Here, service upon Wells Fargo and MERS was defective because Plaintiffs failed to timely mail the Summons and Complaint. The Clerk of the Court issued the Summons on September 9, 2009. As a result, under Rule 7004(e), the Plaintiffs were required to deposit the summons and complaint in the mail by September 19, 2009. Nevertheless, according to the Proof of Service, Plaintiffs' attorney waited until September 30, 2009 to mail the Summons and Complaint to Wells Fargo and MERS. Plaintiffs therefore waited twenty-one (21) days to finally mail the Summons and Complaint. By that time, however, the Summonses were not capable of perfecting service upon Wells Fargo or MERS. Thus, Plaintiffs did not provide Wells Fargo or MERS with sufficient process or service of process as required under Rule 12(b)(4), (5), Fed. R.

10643548 10258810

- 3 -

Civ. P. This Court therefore should dismiss the Complaint.

In the alternative, should this Court determine that the Complaint should not be dismissed at this time, then the Court should, at the very least, require Plaintiffs to obtain an alias summons. Upon re-issuance of the Summons (and assuming that Plaintiffs timely and properly serve the Summons and Complaint), Wells Fargo and MERS will then be allowed thirty (30) days from the issuance of the Summons to respond to or answer the Complaint under 7012(a).

### B. IN THE ALTERNATIVE, THE COURT SHOULD GRANT DEFENDANTS AN ENLARGEMENT OF TIME TO FILE THEIR ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

Defendants reaffirm their belief that dismissal is warranted under Rule 7012, but include this additional request out of an abundance of caution. Rule 9006(b)(1) enables this Court to enlarge the time limit for filing an answer for good cause shown "on motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." In this case, the belated service of the Summons and Complaint excuse the neglect of Defendants. The goal of timely service is to provide the party against whom relief is sought with adequate notice and time to prepare a responsive pleading. Because of the Plaintiffs' delay in mailing the Summons and Complaint, the Defendants' time to answer or respond to the Complaint was shortened by, at a minimum, eleven (11) days. The Plaintiffs should not be permitted to abridge the Defendants the full opportunity to answer or response to the Complaint by failing to comply with the rules of procedure. Providing Defendants with additional time to file their answer is an appropriate cure for that failure. As such, the Defendants respectfully request that the Court enlarge the time for the Defendants to answer or otherwise respond to the Complaint up to and including November 15, 2009 or ten (10) days after the Court rules on this Motion, whichever is later.

In the event that the Court grants the extension of time, the Defendants will withdraw their motion to dismiss the Complaint for Plaintiffs' failure to perfect service and fully reserve their

10643548 10258810

- 4 -

1  rights to move to dismiss, strike, or otherwise object to the Complaint prior to the new deadline
set by this Court to respond to or answer the Complaint.

### III. <u>CONCLUSION</u>.

Therefore, Defendants request that the Court dismiss the Complaint under Rule 7012, Fed. BANKR. R. P. 7012. In the alternative, the Defendants request that the Court enlarge the time for the Defendants to answer or otherwise respond to the Complaint up to and including November 15, 2009 or ten (10) days after the Court rules on this Motion, whichever is later.

DATED this 16th day of October, 2009.

SNELL & WILMER L.L.P.


By /s/ AVH #025518
   Steven D. Jerome
   Andrew Hardenbrook
   One Arizona Center
   400 E. Van Buren
   Phoenix, AZ 85004-2202
   Attorneys for Wells Fargo Bank NA and Mortgage
   Electronic Registration Systems, Inc.

10643548 10258810

- 5 -